IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SAM AND PATRICIA PAPA, ) | |
| HUSBAND AND WIFE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 2:12-cv-389 |
| ) | |
| MUNSTER REAL ESTATE VENTURE, LLC, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the court on the Verified Statement of Costs [DE 21] filed by the plaintiffs on February 24, 2014, and the Motion for Summary Judgment [DE 24] filed by the defendant, Munster Real Estate Venture, LLC, on March 31, 2014. For the following reasons, the Verified Statement of Costs [DE 21] is **GRANTED,** and the Motion for Summary Judgment [DE 24] is **DENIED**.

*Background*

On April 20, 2011, the plaintiff, Patricia Papa, attended a doctor's appointment on the property owned by the defendant, Munster Real Estate Venture, LLC. A ramp ran from the sidewalk to the asphalt parking lot. The raised edge on either side of the ramp was six inches above the walking surface of the ramp on the west end, where the ramp met the parking lot, and consistently sloped down to become flush with the ramp on the east end, where the ramp met the sidewalk. The Americans with Disabilities Act standard for accessible design allows a 1:50 cross slope, which this ramp exceeded.

As Papa was leaving her appointment, she saw an elderly man with a cane three-quarters

1

of the way down the ramp and became distracted. Papa testified that:

>A: Then suddenly I hit the bump on this curb by the side and that's where I fell.
>
>Q: Do you remember what happened to your feet as you were falling? Did you feel your toe stub or anything like that?
>
>A. No. Suddenly I was just going down.

[Papa Dep., p. 17-18]

>Q: Why would you have stepped over then to the left, do you know?
>
>* * *
>
>A. No. I was just — I didn't really step to the right. I wasn't going over the bump. I was just — I mean, it's — you don't know where — you don't really walk right down the center. I saw him and suddenly I hit the curb there.

[Papa Dep., p. 19]

>Q: Where were you looking when your foot struck the side of the ramp?
>
>A: I don't know, just —
>
>A: I don't know. It just all happened so fast. I was walking out and that was it. I really don't remember.

[Papa Dep., p. 34-35].

On January 1, 2014, the plaintiffs filed a motion to compel production of certain documents from Munster Real Estate. When Munster Real Estate did not respond, the plaintiffs filed a motion for summary ruling on January 29, 2014. Munster Real Estate represents that the day before the plaintiffs filed their motion for summary ruling it turned over the documents sought in the motion to compel.

Due to the delay in producing the documents, the plaintiffs also sought to extend the discovery deadline. The plaintiffs explained that they could not conduct a meaningful deposition without the documents. The court granted the plaintiffs' motion to extend the discovery

deadline, motion for summary ruling, and motion to compel, and directed the plaintiffs to file a statement of the costs incurred "prosecuting the Motion to Compel Discovery." [DE 17] The plaintiffs submitted their statement on February 24, 2014, asking in relevant part to be compensated for .4 hour spent preparing the motion for summary ruling and 1 hour preparing the motion for extension of the discovery deadline. Munster Real Estate objects to these costs and moves for summary judgment, arguing that the plaintiffs cannot establish the cause of Patricia Papa's injuries.

*Discussion*

The parties first dispute the amount of recoverable attorney's fees the defendant owes pursuant to the court's February 10, 2014 Order granting the plaintiffs' motion to compel and awarding fees. The recoverable fees are limited to the reasonable fees that an attorney would charge a client. **Bowerman v. Wal-Mart Stores, Inc**., 2000 U.S. Dist. LEXIS 21616, at * 3 (S.D. Ind. Nov. 30, 2000). The court will consider whether the costs reportedly incurred in making the motion were reasonably necessary by evaluating the reasonableness of the time spent preparing the motion and the rates charged. **Equal Employment Opportunity Commission v. Accurate Mechanical Contractors, Inc**., 863 F.Supp. 828, 834 (E.D. Wis. 1994).

The parties dispute whether the plaintiffs can recover for the hour spent preparing the motion to extend discovery and the .4 hour billed for preparing the motion for summary ruling. The court's order granting attorney's fees directed the plaintiffs' counsel to file a statement of the "costs incurred in prosecuting the Motion to Compel Discovery". The motion for summary ruling certainly was incurred in the process of prosecuting the motion to compel as it sought a

favorable ruling on the plaintiffs' motion to compel in light of Munster Real Estate's failure to respond. Munster Real Estate contends that the motion was unnecessary because it turned over the documents sought in the motion to compel the day before the motion for summary ruling was filed. However, it did not moot the motion to compel when Munster Real Estate turned over the documents because the plaintiffs' request for attorney's fees remained pending. The court finds that the time billed for preparing the motion for summary ruling was within the scope of the fees the court authorized.

The plaintiffs' motion to extend the discovery deadline was based entirely upon Munster Real Estate's failure to produce the documents sought in the plaintiffs' motion to compel. Although the costs were not incurred in prosecuting the motion to compel, they were derivative of Munster Real Estate's failure to turn over the discovery in a timely fashion. It would be unfair for the plaintiffs to incur the cost as a result of Munster Real Estate's failure to abide by its obligations. For this reason, the court will allow the plaintiffs to recover the fees associated with their motion to extend the discovery deadline. The plaintiffs' motion [DE 21] is **GRANTED** and Munster Real Estate is **DIRECTED** to pay attorney's fees and costs in the amount of $990.00.

Munster Real Estate moves for summary judgment on the plaintiffs' claims, arguing that the plaintiffs cannot establish causation. Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); ***Kidwell v. Eisenhauer,*** 679 F.3d 957, 964 (7th Cir. 2012); ***Stephens v. Erickson***, 569 F.3d 779, 786 (7th Cir. 2009). The

burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 160, 90 S. Ct. 1598, 1610, 26 L. Ed.2d 142, 155 (1970); *Stephens*, 569 F.3d at 786. A fact is material if it is outcome determinative under applicable law. There must be evidence on which the jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); *Stephens*, 569 F.3d at 786; *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). However, summary judgment may be entered against the non-moving party if it is unable to "establish the existence of an essential element to [the party's] case, and on which [that party] will bear the burden of proof at trial . . .". *Kidwell*, 679 F.3d at 964 (citing *Benuzzi v. Bd. of Educ*., 647 F.3d 652, 662 (7th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Summary judgment is inappropriate for determination of claims in which issues of intent, good faith, and other subjective feelings play dominant roles. *Ashman v. Barrows*, 438 F.3d 781, 784 (7th Cir. 2006). Upon review, the court does not evaluate the weight of the evidence, judge the credibility of witnesses, or determine the ultimate truth of the matter; rather, the court will determine whether there exists a genuine issue of triable fact. *Wheeler*, 539 F.3d at 634 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986)).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

5

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986).

*See also* **Reeves v. Sanderson Plumbing Prods., Inc**., 530 U.S. 133, 149-51, 120 S.Ct. 2097, 2109, 147 L. Ed.2d 105, 120-22 (2000) (setting out the standard for a directed verdict); *Celotex Corp*., 477 U.S. at 322-23, 106 S. Ct. at 2553; **Stephens**, 569 F.3d at 786; **Argyropoulos v. City of Alton**, 539 F.3d 724, 732 (7th Cir. 2008)(stating that a genuine issue is one on which a reasonable fact finder could find for the nonmoving party); **Springer v. Durflinger,** 518 F.3d 479, 483 (7th Cir. 2008)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

The elements that a plaintiff must prove to succeed on a negligence claim in Indiana are (1) a duty owed to the plaintiff, (2) a breach of that duty by the defendant, and (3) the breach proximately caused the plaintiff's damages. **Bond v. Walsh & Kelly, Inc.**, 869 N.E.2d 1264, 1266 (Ind. App. 2007) (citing **Peters v. Foster**, 804 N.E.2d 736, 742 (Ind. 2004)). Breach of a duty and proximate cause issues generally are questions of fact. *See* **Peters v. Forster**, 804 N.E.2d 736, 743 (Ind. 2004); **King v. Northeast Security, Inc.**, 790 N.E.2d 474, 484 (Ind. 2003). Only where the facts are undisputed and lead to but a single inference or conclusion, may a court as a matter of law determine whether a breach of duty has occurred. **King**, 790 N.E.2d at 484; **Cullop v. State**, 821

N.E.2d 403, 407 (Ind. App. 2005); *Oxley v. Lenn*, 819 N.E.2d 851, 856 (Ind. App. 2004).

"Generally, whether a duty exists is a question of law for the court to decide." ***Rhodes v. Wright***, 805 N.E.2d 382, 386 (Ind. 2004)(citing ***Hooks SuperX, Inc. v. McLaughlin***, 642 N.E.2d 514, 517 (Ind. 1994)). "The question of whether a duty is owed in premises liability cases depends primarily upon whether the defendant was in control of the premises when the accident occurred." ***Yates v. Johnson County Bd. of Commissioners***, 888 N.E.2d 842, 847 (Ind. App. 2008)(citing ***Beta Steel v. Rust***, 830 N.E.2d 62, 70 (Ind. App. 2005)). Determining the existence of a duty may depend upon underlying facts that require resolution by a trier of fact. ***Rhodes***, 805 N.E.2d at 386-87.

"The nature and extent of a landowner's duty to persons coming on the property is defined by the visitor's status as an invitee, a licensee, or a trespasser." ***Harradon v. Schlamadinger***, 913 N.E.2d 297, 300 (Ind. App. 2009)(citing ***Rhoades v. Heritage Inv., LLC***, 839 N.E.2d 788, 791 (Ind. App. 2005)). An invitee is owed the highest duty of care: "the duty to exercise reasonable care for the invitee's protection while he or she is on the premises." ***Harradon***, 913 N.E.2d at 300-301. The duty owed to a licensee is to refrain from willfully or wantonly injuring him or acting in a manner to increase his peril, which includes the duty to warn a licensee of any latent or non-obvious danger on the premises of which the landowner has knowledge. ***Yates***, 888 N.E.2d at 848. A trespasser is owed merely the duty to refrain from wantonly or willfully injuring him after discovering his presence. ***Yates***, 888 N.E.2d at 848-849.

> ***Yates*** instructs with respect to the determination of the visitor's status:
>
> An invitee is a person who is invited to enter or to remain on another's land. There are three categories of invitee: the public invitee, the business visitor, and the social guest. Licensees and trespassers are persons who enter the land of another for their own convenience, curiosity, or entertainment and take the premises as they find them. Unlike trespassers, however, licensees have a privilege to enter or remain on the land by virtue of the landowner's or occupier's permission or sufferance. In

7

determining whether an individual is an invitee or a licensee, the distinction between the terms "invitation" and "permission" is critical.

888 N.E.2d at 849 (internal cites and quotes omitted). The Second Restatement of Torts defines a public invitee as "a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public" and a business visitor as "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." **Restatement (Second) of Torts**, § 332(2)-(3)(1965).

A customer is generally an invitee on the business owner's property and is owed the highest degree of care. *Burrell v. Meads*, 569 N.E.2d 637, 642 (Ind. 1991). Indiana has adopted the Second Restatement of Torts, which explains the duty of care a business owner owes to an invitee as:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> > (c) fails to exercise reasonable care to protect them against the danger.

**Restatement (Second) of Torts § 343;** *Robinson v. Wal-Mart Stores East, LP***,** 2009 WL 127029, *4 (S.D. Ind. 2009) (Although a business owner is not an insurer of safety, he owes patrons a duty to exercise reasonable care and survey his property for defects and dangerous conditions). The plaintiff carries the burden of proving each of these elements against the business owner. *Hi-Speed Auto Wash, Inc. v. Simeri,* 346 N.E.2d 607, 608 (Ind. App. 1976); *Robinson*, 2009 WL 127029, at *4.

In order to establish that the business owner knew or should have known of the dangerous condition, it is essential that the plaintiff is able to articulate how she was injured. *Robinson*, 2009

WL 127029, at *4.  She must have evidence of what caused her fall.  ***Weaver v. United Parcel Service Co.,*** 2009 WL 3163145, *4 (S.D. Ind. 2009).  Otherwise, the trier of fact is forced to speculate how the injury occurred and whether the defendant should have known of the assumed cause of the injury.  ***Robinson***, 2009 WL 127029, at *4.  Such speculation is not permitted.  ***Robinson***, 2009 WL 127029, at *4.  The trier of fact may not infer negligence when it relies purely on speculation or conjecture.  ***Hayden v. Paragon Steakhouse***, 731 N.E.2d 456, 458 (Ind. App. 2000).

In ***Hayden***, the plaintiff sued for damages sustained when he fell outside a restaurant on a snowy day.  At his deposition, he testified that he did not see any snow on the pavement where he fell and did not know whether there was any ice in the area.  ***Hayden***, 731 N.E.2d at 458.  The plaintiff stated that he did not have any evidence that he slipped on black ice other than the fact that his feet went out from underneath him.  ***Hayden***, 731 N.E.2d at 458.  Similarly, in ***Midwest Commerce v. Livings***, 608 N.E.2d 1010, 1011-1012 (Ind. App. 1993), the plaintiff fell while in line at the bank.  The plaintiff did not know what caused her fall, leading the court to hold that the plaintiff failed to meet her burden to establish causation.  ***Midwest Commerce***, 608 N.E.2d at 1013.  In both cases, the plaintiff was unable to identify what caused the fall.

Conversely, in ***State Street Duffy's Inc. v. Loyd***, 623 N.E.2d 1099 (Ind. App. 1993), a witness testified that he did not see the plaintiff's fall, but that immediately following the fall, the plaintiff stated that she tripped over the step getting out of the booth.  The court analyzed ***Barsz v. Max Shapiro, Inc***., 600 N.E.2d 151, 153 (Ind. App. 1992), explaining that in ***Barsz*** the plaintiff could not identify what she tripped over, but that the restaurant manager's testimony that a potentially hazardous object was located near the location where the plaintiff fell eliminated the risk

of inferential speculation as to the cause of the plaintiff's fall. *Loyd*, 623 N.E.2d at 1102. The *Loyd* court determined that because the plaintiff was able to identify the object that she thought caused her fall — the step to the raised booth— it would not be inferential speculation to find that the step caused the plaintiff's fall. *Loyd*, 623 N.E.2d at 1101-1102.

The court was not as lenient in the requisite degree of evidence necessary to survive summary judgment in *Weaver v. United Parcel Service, Co.*, 2009 WL 3163145 (S.D. Ind. Sept. 29, 2009). Here, the plaintiff sued for damages he sustained when he fell over what he believed to be a parking block. He testified that he did not think there was anything else around and that "all I know is I cleared that one, and the next thing I knew I was picking myself up off the fence." *Weaver*, 2009 WL 3163145 at *5. The court determined that the plaintiff was unable to meet his burden on the element of causation because he was uncertain of what caused his fall and did not have any evidence that he fell over the second parking block. *Weaver*, 2009 WL 3163145 at *5. The cases are consistent that if the plaintiff was able to identify the only possible cause of her fall without speculation of the cause following her fall, she can survive summary judgment.

Munster Real Estate argues that Papa cannot identify what caused her fall other than her own distraction. Munster Real Estate points to Papa's testimony that she "was just going down" and didn't know what happened. However, Papa unequivocally stated that she "hit the bump on this curb by the side and that's where I fell." Munster Real Estate then asked what happened to her feet as she was falling and if she felt her toe stub or anything like that, to which Papa replied "No. Suddenly I was going down". Although Papa stated that she does not recall stubbing her toe and does not recall what happened *after* she hit the bump, she did identify the bump as the cause of her fall. This case differs from *Hayden, Midwest*, and *Weaver*, where the plaintiffs were unable to

10

identify the cause of their fall and later speculated based on the surrounding circumstances. Rather, similar to *Loyd*, she identified one cause — the bump in the ramp— that led to her fall. The degree to which her own distraction played a role in her fall is a question better reserved for the jury.

Based on the foregoing reasons, the Verified Statement of Costs [DE 21] is **GRANTED** and the Motion for Summary Judgment [DE 24] is **DENIED.** The plaintiffs are awarded fees and costs in the amount of $990.00.

ENTERED this 12th day of May, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge