IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMODN DIVISION

| | | |
|---|---|---|
| SAM AND PATRICIA PAPA, Husband and Wife, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:12-cv-389 |
| MUNSTER REAL ESTATE VENTURE, LLC, | ) ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Strike Plaintiffs' Expert Report and Disclosure [DE 29] and the Motion to Reconsider Ruling on Defendant's Motion for Summary Judgment [DE 30] filed by the defendant, Munster Real Estate Venture, LLC, on May 16, 2014. For the following reasons, both motions are **DENIED.**

*Background*

On February 15, 2013, the court entered an order setting November 1, 2013, as the deadline for the plaintiffs, Sam and Patricia Papa, to disclosure their expert witnesses and to provide their reports. The defendant, Munster Real Estate Venture, LLC, asserts that the Papas first disclosed their expert witness on April 25, 2014, over five months after the disclosure deadline. Due to this delay, Munster now moves the court to strike the Papas' expert report and disclosure. In response, the Papas submitted two e-mails. In the first, they sought an extension of time until November 8, 2013 to disclose their expert and provide a report. The second e-mail reflects that they disclosed their expert and provided his curriculum vitae, fee schedule, and

report on November 8, 2013. Munster did not file a reply disputing that it first received the Papas' expert disclosure and report on this date.

Similarly, the court entered an order setting the deadlines for dispositive motions. Munster's reply brief was due on May 16, 2014. The court prematurely denied Munster's motion for summary judgment on May 14, 2014. In its Opinion and Order, the court explained that a genuine issue of material fact remained because Patricia Papa unequivocally stated that the curb caused her fall. The court explained that although Patricia could not remember what occurred after she hit the bump, her testimony was clear that she struck the curb and fell. Munster filed its two page response on May 16, 2014, referring to the same deposition testimony as it did in its opening brief and reiterating its argument that there is no factual evidence of the cause of Patricia's fall, only speculation. Munster asks the court to reconsider its Opinion and Order on its motion for summary judgment.

*Discussion*

Munster first moves the court to strike the Papas' expert report and disclosure, arguing that it is untimely. Federal Rule of Civil Procedure 26(a)(2) states that a party must disclose the identity of any witness it intends to use at trial as an expert witness and that the disclosure shall be accompanied by a written report prepared and signed by the witness. The court sets the deadlines for the parties to make their expert disclosures, and the deadlines only may be extended with leave of the court upon a showing of good cause. Federal Rule of Civil Procedure 16. If a party fails to comply with the deadline set by the court, the expert's report is excluded automatically unless the offending party can show that the failure to comply either was justified or harmless. **Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd**., 100 F.3d 1353, 1363 (7th Cir. 1996).

2

Munster argues that the Papas did not disclose their expert and turn over his report until five months after the expert disclosure deadline. In response, the Papas submitted two e-mails. In the first, they sought a one week extension of time until November 8, 2013 to disclose their expert and provide his report. In the second, they showed that they identified their expert and provided his report, curriculum vitae, and fee schedule on November 8, 2013.

Although the Papas sought an extension of one week from Munster, the court did not extend the deadline in accordance with their agreement, rendering their report untimely. However, the extension was short, and the Papas did not wait five months after the deadline to provide the information as Munster asserts. The record does not reflect that this one week extension caused Munster any prejudice. Moreover, it appears that the Papas relied on their communication to extend the deadline as the basis of their failure to comply. Given the fact that the Federal Rules of Civil Procedure encourage the parties to work together to resolve minute issues such as this, the Papas' reliance is well taken. This is not the type of failure to comply with the court's deadlines that warrants striking an expert report. Because the Papas' delay was short in duration and justified, the court **DENIES** Munster's Motion to Strike Plaintiffs' Expert Report and Disclosure [DE 29].

Munster also asks the court to reconsider its ruling on its motion for summary judgment in light of its reply brief. The court acknowledges that its ruling was premature. However, Munster has not demonstrated that reconsideration is warranted under the circumstances.

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). *See also Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 n.1 (7th Cir.

2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted); *see also* ***Cruz-Moyaho v. Holder,*** 703 F.3d 991, 998 (7th Cir. 2012); ***U.S. v. Ligas***, 549 F.3d 497, 501 (7th Cir. 2008)("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In ***Frietsch v. Refco, Inc.***, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

56 F.3d at 828. *See also* ***Oto v. Metropolitan Life Insurance Company,*** 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); ***Divane v. Krull Electric Company***, 194 F.3d 845, 850 (7th Cir. 1999); ***LB Credit Corporation v. Resolution Trust Corporation***, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." ***Global View Ltd. Venture Capital v. Great Central Basin Exploration***, 288 F. Supp.2d 482, 483 (S.D.N.Y. 2003)(internal quotation omitted).

Munster's reply brief consisted of two pages that reiterated its initial argument that the record is devoid of factual evidence to establish negligence and that the Papas' case is supported only with speculative evidence as to the cause of the fall. However, as the court explained in its Opinion and Order, Papa identified the bump as the cause of her fall and unequivocally stated as much at her deposition. Although she could not recall what happened after she hit the bump, she

4

did identify the bump as the cause of her fall.  Munster has not identified any new evidence or any aspect that the court overlooked.  For this reason, Munster's motion to reconsider is **DENIED.**

Based on the foregoing reasons, the Motion to Strike Plaintiffs' Expert Report and Disclosure [DE 29] and the Motion to Reconsider Ruling on Defendant's Motion for Summary Judgment [DE 30] are **DENIED.**

**ENTERED** this 2nd day of July, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge